PER CURIAM.
By these consolidated appeals appellants seek review of the denial of their motions to dismiss, following which denial they each entered a plea of nolo contendere, reserving their right to appeal.
William Weaver, an undercover agent for the First Circuit Narcotics Investigation Unit, sold each of the appellants in three separate unrelated transactions one pound of marijuana. By their motion to dismiss the defendants urged unconscionable misconduct, abuse of prosecutorial discretion and violations of due process and equal protection. It is important to note that appellants do not rely upon the defense of entrapment.
Whether or not agent Weaver’s conduct is protected by F.S. 893.09(5) we need not determine. Clearly each of the defendants were guilty of unlawful possession of mari *425 juana and they do not claim to have been entrapped. Neither does the record reveal that the state has infringed upon their constitutional rights. As stated in Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).
“ * * * If the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law. * * * ” (Citations omitted: 96 S.Ct. at page 1650).
AFFIRMED.
McCORD, C. J., BOYER, J., and McLANE, RALPH M., Associate Judge, concur.