SMITH, Judge.
Appellant was convicted by a jury of one count of possession of more than 28 ounces of cocaine, section 893.135(l)(b)l, Florida Statutes (1981).[1] He raises three grounds for reversal, all of which involve his unsuccessful attempts to present evidence concerning his entrapment defense. We affirm in part, reverse in part, and remand for new trial.
Deputy Ken McDonald of the Leon County Sheriff’s Office testified at trial that he was approached in October 1982 by Michael Reed Zoller, who admitted his involvement in the local illicit drug trade. Zoller testified on proffer that his decision to approach Deputy McDonald was based upon his desire to “retire” from such activities. As part of his “debriefing” of Zoller, McDonald asked Zoller if he was aware of any cocaine trafficking activities on the part of appellant. According to McDonald, he had *569 received previous “intelligence information” from “street sources” that appellant was a cocaine dealer. McDonald admitted on cross-examination that the “intelligence” to which he referred was nothing more than unverified gossip and rumor, and that no information existed in law enforcement files to verify these rumors. Even so, McDonald instructed Zoller to attempt to arrange a cocaine sale involving appellant. Appellant, testifying in his own defense, stated that he did not dismiss Zol-ler’s subsequent inquiries out of hand because of friendship between the parties, as well as a $1,000 debt owed appellant by Zoller for repair work performed on Zol-ler’s jeep at appellant’s repair shop.
On October 27, 1982, approximately one week after Zoller first approached appellant, he convinced appellant to accompany him to the site of a proposed transaction, involving one pound of cocaine, to be consummated between Zoller and McDonald, posing as a South Florida dealer. Appellant was to have possession of and claim to be the owner of the cocaine. Appellant reiterated his testimony that he was “playing along” with Zoller’s proposed transaction as a favor to Zoller, and not because appellant sought to be an active participant. McDonald testified that the “plan” regarding the actual transaction was for he and Zoller to participate with appellant in effectuating the sale, after which all three would be arrested by local law enforcement officials, thereby preventing appellant from realizing that his arrest was the result of an undercover “buy-bust” operation. However, after a delivery of a small quantity of the cocaine, the plan went astray. Appellant began to leave the scene of the transaction prior to the arrest scenerio, in the process driving his van into one police car, which was in turn struck by another, then swerving onto Tharpe Street where he struck a passing vehicle. After this last collision, appellant was arrested and charged with trafficking by possession of more than 28 grams of cocaine.
During cross-examination of McDonald, appellant’s trial counsel sought to elicit testimony concerning the arrangements between Zoller and the Leon County Sheriff’s Department with regard to possible leniency in prosecution for prior criminal activity, as well as monetary remuneration in return for Zoller’s aid in “setting up” appellant. Counsel also sought to elicit testimony concerning the precise details of Zoller’s action in achieving appellant’s assent to the cocaine transaction, arguing that this testimony was relevant to appellant’s entrapment defense presented at trial. However, the trial court prohibited inquiry on these issues, holding that, based upon Morris v. State, 456 So.2d 471 (Fla. 3d DCA 1984), evidence of the state-of-mind or motive of either Zoller or McDonald was irrelevant on the issue of appellant’s predisposition to commit the crime for which he was charged. Prior to the trial court’s formal ruling on this issue, appellant proffered the testimony of Zoller. Zoller indicated that his motive for helping to “set up” appellant was to avoid or mitigate prosecution on various outstanding criminal offenses, as well as to “make some money.” Zoller testified that he negotiated with Deputy McDonald to receive a percentage of the dollar value of any cocaine transacted among him, McDonald and appellant. Zol-ler also testified that his monetary remuneration “might also be” conditioned upon further cooperation, including trial testimony. McDonald, on the other hand, testified that Zoller was paid a lump sum of $500 for his efforts against appellant, a payment which was not conditioned upon future cooperation with prosecuting authorities concerning appellant’s trial.
Appellant first argues that the trial court erroneously excluded certain evidence relating to his entrapment defense. Specifically, he contends that the court should have allowed inquiry into the methods used and the extent to which Zoller sought to induce appellant to participate in the transaction for which he was charged, as well as the motives of Zoller to “set up” appellant. Appellant maintains that the excluded evidence would have been relevant in aiding the jury to apply the “objective” and “subjective” prongs of the entrapment defense, *570 Cruz v. State, 465 So.2d 516 (Fla.1985), cert. den., — U.S.-, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Appellant next contends that the trial court erred in prohibiting cross-examination of Deputy McDonald, and excluding Zoller’s testimony completely, regarding Zoller’s activities and motivations against and toward Appellant. Finally, appellant asserts, the financial remunerative arrangements between Zoller and the Leon County Sheriff’s Office should have been found to violate due process standards. State v. Glosson, 441 So.2d 1178 (Fla. 1st DCA 1983), approved, 462 So.2d 1082 (Fla.1985).
Initially, we find no error in the trial court’s rejection of appellant’s motion for judgment of acquittal based on the due process defense articulated in State v. Glosson, 462 So.2d 1082 (Fla.1985). For one thing, the testimony upon which appellant relies in raising this claim, Zoller’s proffer, was not admitted into evidence. Moreover, even were Zoller’s testimony made a proper part of the admitted trial testimony, contrary evidence existed in the record, consisting of Deputy McDonald’s testimony that Zoller received a fixed payment for his activities, a payment which was not contingent on either the size of the transaction he “set up” or his cooperation in future judicial proceedings against appellant. Were the trier of fact to credit McDonald’s testimony, no due process violation based on a contingent fee arrangement with the confidential informant Zoller would be established. Owen v. State, 443 So.2d 173 (Fla. 1st DCA 1983).
However, we agree with appellant that the trial court should have permitted the introduction of evidence regarding Zol-ler’s actions and motivations.[2] This issue is controlled by the Florida Supreme Court’s recent decision in Morris v. State, 487 So.2d 291 (Fla.1986). In Morris, the Supreme Court reversed the Third District Court of Appeal’s decision relied on by the trial court, Morris v. State, 456 So.2d 471 (Fla. 3d DCA 1984), as that decision pertained to the exclusion of testimony relating to a confidential informant’s actions and motivations for “setting up” a defendant.
The court found that, concerning a defendant’s subjective predisposition to commit a crime for which the entrapment defense is raised:
Conduct of government agents ... is not irrelevant under the subjective [entrapment] test [of State v. Wheeler, 468 So.2d 978 (Fla.1985)] and should be factored into the jury’s consideration. In order for the jury to consider predisposition, it must have all the facts relating to government inducement. (emphasis supplied)
487 So.2d at 293. Here, appellant testified that he did not “play along” with Zoller’s proposed cocaine deal with Deputy McDonald because he was predisposed to do so, but rather because it appeared to be the only possible way to retrieve the money Zoller allegedly owed him, and because appellant trusted Zoller as a “friend.” For his part, Zoller testified on proffer that his motivation in approaching McDonald was to obtain help in “retiring” from the illicit drug trade, to favorably dispose of pending grand theft charges, and to make some money. Under these circumstances, it would appear that Zoller’s testimony should have been admitted to allow the jury to weigh his “motivation” to induce appellant to deliver controlled substances in making its predisposition finding. Id. Moreover, since the evidence of “government involvement and persistence” in this case is similar to that found in Morris, the error in excluding Zoller’s testimony cannot be considered harmless. Id. That being so, appellant is entitled to a new trial. In light *571 of our disposition of this issue, we do not reach the question of whether the trial court reversibly erred in restricting cross-examination of Deputy McDonald. Accordingly, this cause is affirmed in part, reversed in part, and remanded for new trial.
REVERSED and REMANDED with directions.
MILLS and THOMPSON, JJ., concur.

. Although appellant was also charged with three counts of battery upon a law enforcement officer, one count of assault with a deadly weapon, and one count of resisting arrest with violence, these remaining charges were either nolle prossed or resulted in acquittals at trial. No issues relating to these charges are implicated in this appeal.

. The state argues that appellant’s trial counsel waived the arguments he makes to this court on the issues of the relevance of testimony concerning Zoller to appellant’s "objective entrapment" and "subjective entrapment" defense by failing to either raise the former issue by way of a motion to dismiss, Rule 3.190(c)(4), Florida Rules of Criminal Procedure, or to argue either issue with the requisite specificity. We find no merit to the state’s argument. Thomas v. State, 419 So.2d 634 (Fla.1982).