PIERCE, Chief Judge.
Appellant Eugene Facion, Jr., appeals to this Court from an adjudication of guilt and sentence imposed upon him on March 26, 1971, by the Pinellas County Circuit Court.
On February 19, 1970, criminal information was filed in that Court charging that, on December 13, 1969, Facion “did then and there carry on or about his person a concealed firearm, to-wit: a gun”. On December 4, 1970, he was arraigned upon the information and entered plea of not guilty thereto. On December 30, 1970, in open Court, he withdrew his not guilty plea and entered plea of guilty. The Court thereupon “accepted” the plea of guilty but “withheld adjudication of guilt”.
On March 19, 1971, upon being notified by the Court to appear for sentencing, Facion, through his present counsel, made motion in open Court “to withdraw his guilty plea and reinstate his not guilty plea on the charge”. The State objected to this, whereupon an extended colloquy ensued, participated in by the trial Judge and respective counsel. The Court asked State counsel to “give me a summary of what the State’s evidence would show in this case”, whereupon the prosecutor went into an extensive delineation of what he contended the State’s case would show upon trial. After hearing the State’s ex parte version of this expected case the Judge inquired as to “what kind of pistol was this?” and “what kind of frame” did the pistol have?
Shortly thereafter the trial Judge announced his conclusion in the matter: “There is certainly at least prima facie evidence here of carrying a concealed weapon. There is also evidence here to show that the defendant is lying as to where he got the weapon and why he had it; the fact that it was in operating condition. I’m going to deny his motion.”
The Judge then proceeded to inquire as to matters which presumably would affect his discretion in pronouncing sentence. Thereafter the Court adjudged him guilty and sentenced him to serve two and a half years in the State Prison. Facion appeals to this Court and contends that the trial Judge erred in refusing to allow him to withdraw his plea of guilty. No oral argument was requested here but we have reviewed carefully the record of the proceedings in the trial Court and it is our view that the refusal to permit such change of plea was error.
The law concerning the duties, responsibilities, and discretionary authority of the Judge in such situation is rather well settled. Rule 1.170(f) R.Cr.P., 33 F.S.A., provides that “The Court may, in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty . . .”. But such is a reasonable discretion, not an arbitrary one. And the exercise of such discretion should be based upon considerations and factors bearing only upon the question of the merits of the motion to change pleas.
The question of guilt or innocence of the accused of the criminal charge against him, or of probable cause to believe he was guilty, is of no moment to the Court and has no place for consideration. The hearing in the instant case was ostensibly for the purpose of enabling adverse counsel to present facts which would guide the Court in determining whether the motion to withdraw the plea was or was not meritorious, i. e. whether it should have been granted or denied. There was a dearth of discussion, and no evidence at all, on this very narrow issue.
But it was represented to the Court by Facion’s counsel that the night before the hearing Facion had “thought it over and he is just not satisfied with the guilty plea”. Counsel stated that Facion “had gotten the weapon a few minutes before the police stopped him and he had just put it in his *30 pocket to take it into his house”; that he had “picked up his baby . . . that was sick, and he was taking the baby in the house”; that “he was arrested on his premises”, although he had just been speeding in his car; that “he picked up the baby from the nursery, and that was the reason for speeding. He was taking him home. The man was taking the baby to the doctor.”
There was also some question as to whether or not Facion was carrying the gun on his person “in such a manner as to conceal said firearm from the ordinary sight of another person”, within the meaning of F.S. § 790.001(2), F.S.A. He stated the pistol “was sticking up in my back pocket, and I had to get the baby in. I stood up to go in the house and the officer drove up. And I had turned around to see what he wanted. I wasn’t carrying a concealed weapon . . . I’m guilty of having it, but not carrying a concealed weapon, something I carry around in my pocket. And I was speeding. The baby was sick and I wanted to get it to the doctor.”
The law favors a trial on the merits and the propriety of granting a motion to withdraw a previous plea of guilty must depend on the particular attending facts, but such withdrawal of plea may not be refused where it is in the least evident that the ends of justice will be subserved by allowing a plea of not guilty to be entered in place of a guilty plea. Hill v. State, Fla.App.1959, 110 So.2d 464; see also Banks v. State, Fla.App.1962, 136 So.2d 25; Stapleton v. State, Fla.App.1970, 239 So.2d 140; Sardinia v. State, Fla.1964, 168 So.2d 674; Rubenstein v. State, Fla.1951, 50 So.2d 708; Clay v. State, 1921, 82 Fla. 83, 89 So. 353; Eckles v. State, 1938, 132 Fla. 526, 180 So. 764.
In our opinion, the ends of justice will be better subserved in the instant case if the cause is remanded back to the trial Court for further hearing upon the motion to withdraw so that the factors properly bearing upon the merits of the motion may be more fully explored in the light of the foregoing cases.
The judgment is therefore reversed with appropriate directions in accord herewith.
Reversed.
LILES and McNULTY, JJ., concur.