328 So.2d 48 (1976)
Robert William ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. Z-101.
District Court of Appeal of Florida, First District.
March 5, 1976.
Rehearing Denied March 26, 1976.
Richard W. Ervin, III, Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
The trial court determined to sentence appellant to a term of twenty years rather than to the maximum ten recommended by the State pursuant to a plea bargain. At issue is whether the court erred by failing to announce his determination not to sentence in accordance with the bargain and by failing to give appellant an opportunity, in those circumstances, to withdraw his plea of guilty.
While the trial court emphasized when appellant tendered the guilty plea that the court was not bound by the prosecutor's recommendation and that the maximum sentence was life imprisonment, at no point did the sentencing judge advise appellant that judicial concurrence with the bargain was impossible. We do not conceive that a sentencing judge may knowingly receive a plea which is the product of a bargain with the prosecutor and yet declare himself independent of the bargain, so avoiding by finesse the provisions of Rule 3.171(c), R.Cr.P. See Thomas v. State, 327 So.2d 63 (Fla.App. 1st, 1976). Sentencing judges who wish to be free of the consequences of bargains and of the Rule should refuse to "have made known to him *49 the agreement and reasons therefor prior to the acceptance of the plea." Rule 3.171(c), R.Cr.P. Kurlin v. State, 302 So.2d 147 (Fla.App. 1st, 1974).
The sentence is vacated and the case is remanded so that the court may either impose sentence in accordance with the plea bargain or vacate the judgment and offer appellant an opportunity to withdraw his guilty plea.
Reversed.
RAWLS, Acting C.J., and MILLS, J., concur.