PER CURIAM.
Pursuant to a plea bargain, appellant plead guilty to the crime of robbery and the state, for its part recommended to the trial court that appellant be sentenced to a term of 18 years. The trial court imposed a sentence of 20 years.
In this case, as in Adams v. State,[1] the trial court informed the appellant that the court was not bound by the state’s recommendation, but the trial court failed to inform the appellant that it could not concur with the bargain. Repeating what was said in Adams:
“ . . . We do not conceive that a sentencing judge may knowingly receive a plea which is the product of a bargain with the prosecutor and yet declare himself independent of the bargain, so avoiding by finesse the provisions of Rule 3.171(c), R.Cr.P.”
With all due deference to the trial judge, who was without the benefit of this court’s opinion in Adams v. State, supra, at the time of the proceedings in the instant case, the sentence is vacated and the cause remanded so the trial court may either impose sentence in accordance with the plea bargain, or vacate the judgment and allow appellant to withdraw his guilty plea.
Reversed and remanded.
RAWLS, Acting C. J., and MILLS and SMITH, JJ., concur.

. Adams v. State, 328 So.2d 48 (Fla.App.1st, 1976).