342 So.2d 818 (1977)
STATE of Florida, Petitioner,
v.
Robert William ADAMS, Respondent.
No. 49209.
Supreme Court of Florida.
February 10, 1977.
*819 Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for petitioner.
Richard W. Ervin, III, Public Defender, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District (Adams v. State, 328 So.2d 48), which allegedly conflicts with a prior decision of this court (Brown v. State, 245 So.2d 41) on the same point of law. Article V, Section 3(b)(3), Florida Constitution.
The respondent, defendant in the trial court, and two other persons were charged with the crime of robbery. Defendant withdrew a plea of not guilty and entered a plea of guilty to the offense of robbery, pursuant to plea bargaining, in accordance with the following announcement by defendant's attorney:
"Your Honor, at this time, in behalf of Robert William Adams, wish to withdraw our plea of not guilty and enter a plea of guilty to the offense of robbery under the plea bargaining... .
"The terms of the plea bargaining, Your Honor, was that the State would recommend not over ten years sentence in the event the Court felt that the Defendant should be sentenced."
The trial judge did not participate in the plea bargaining between the State and defense counsel. Before accepting the plea of guilty, he made the necessary inquiry to determine that the plea was voluntarily and intelligently entered, and that there was a factual basis for the plea. After a presentence investigation, the trial judge refused to accept the recommendation of the state attorney and sentenced the defendant to a term of twenty years.
On appeal the District Court of Appeal vacated the sentence and remanded the case so that the trial court could either impose sentence in accordance with the plea bargain or vacate the judgment and offer respondent an opportunity to withdraw his guilty plea. In its opinion, the Court said:
"While the trial court emphasized when appellant tendered the guilty plea that the court was not bound by the prosecutor's recommendation and that the maximum sentence was life imprisonment, at no point did the sentencing judge advise appellant that judicial concurrence with the bargain was impossible." 328 So.2d 48.
In Brown v. State, supra, the defendant was led to change his plea from not guilty to guilty due to an honest misunderstanding and mutual mistake as to the expected sentence. This resulted, to a large extent, from statements made in a conference attended by defense counsel, prosecutor and judge. This Court held that defendant's motion to substitute the plea of not guilty for a plea of guilty should have been granted by the trial court. We recognized that *820 the trial court was not bound by any recommendations made by the state attorney when we said:
"[A] judge is not bound to grant probation and ... an accused cannot withdraw his guilty plea merely because the sentence did not conform to what he hoped it might be... .
"If the State and defense counsel agree upon a specific statement of facts constituting the crime to be admitted and with the further understanding regarding the effect of subsequent presentence investigation, we see no reason why a judge should not, if he chooses, make a specific announcement of the sentence he will impose upon a guilty plea.
"We repeat that a judge is never bound in sentencing by these negotiations." 245 So.2d at 43-44.
In Davis v. State, 308 So.2d 27 (Fla. 1975), we stated once again:
"[A] judge is never bound in sentencing by the negotiations which occur between the prosecuting attorney and the defense counsel... . It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it." At 29.
The requirement of the District Court of Appeal in the case sub judice that the sentencing judge should "advise appellant that judicial concurrence with the bargain was impossible" is in conflict with the above cases, and we have jurisdiction.
The record of the sentencing procedure contains the following:
"BY THE COURT: You understand that I am not bound by the State's recommendation as to any sentence in this case?
"BY DEFENDANT ADAMS: Yes, sir.
"BY THE COURT: On the robbery charge, I could sentence you to life imprisonment and on the accessory after the fact charge, fifteen years. Do .. . you understand that?
"BY DEFENDANT ADAMS: Yes, sir.
* * * * * *
"BY THE COURT: That the recommendation is a recommendation only which I am not bound to follow, on the robbery charge.
Has any person assured you or led you to believe that you will be placed on probation or given a lighter sentence or otherwise rewarded, for pleading guilty?
"BY DEFENDANT ADAMS: No, your Honor."
The only bargain was that the state attorney would make a recommendation to the court. This was done. When the sentence was imposed, the judge was not bound by the recommendation of the state attorney or any negotiations which occurred between the state attorney and the defense counsel.
The decision of the District Court of Appeal is quashed and the cause is remanded for the purpose of a further remand to the trial court with instructions to reinstate the sentence.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.