McCORD, Judge.
This is an appeal from judgment and sentence of appellant for possession of more than five grams of marijuana. The sole point on appeal is whether or not the trial court erred in denying appellant’s motion to vacate and set aside his plea of nolo conten-dere made prior to sentencing. We find no error and affirm.
Appellant appeared before the court to enter a plea pursuant to plea bargaining with the State and his privately retained counsel stated:
“ . . The defense will enter a plea of no contest to Count 4, which is possession of marijuana. In essence, Your Hon- or, we are going to enter this plea in open matter with no recommendations by the State other than the fact that they will remain mute at sentencing and will not recommend incarceration or probation or whatever, a fine or what-not. We are just going to enter a plea of no contest as to Count 4.”
On a subsequent date, appellant with his counsel appeared before the court for sentencing and at that time moved to withdraw appellant’s plea of nolo contendere on the ground that the state had breached the plea bargain agreement. Appellant called attention to the fact that the presentence investigation report of the Parole and Probation Commission states “Officer Don Hicks of the First Circuit Narcotics Task Force stated that they had a good possession and sale case on the defendant and co-defendants,” and that as far as he was concerned, “the defendant can to to jail. He has been in marijuana for a pretty good while.” Officer Hicks further stated for the presentence investigation report, “Let the Judge abide by the statutes and they can serve some time.”
The trial judge ruled there had been no breach of the plea bargain agreement, the assistant state attorney having remained mute at sentencing and having made no recommendation on sentencing. The trial judge pointed out that the Parole and Probation Commission, in its presentence investigations, interviews numerous persons and reports the statements made by each; that his concern was with appellant’s previous criminal record (which he outlined in some detail) and not with what Officer Hicks thought the court should do. The assistant state attorney contended that his promise was that the state attorney’s office would remain mute as to sentence and that he did not promise that all other people who had an input into the presentence investigation would remain mute; that he had no knowledge that Officer Hicks was going to say anything or what he would say in the pre-sentence investigation.
Appellant relies heavily upon Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), in which the United States Supreme Court remanded a somewhat similar case to the state court when it found the plea bargain agreement had been violated by the State. The prosecuting attorney had agreed he would make no recommendation as to sentence, but at sentencing another prosecutor, who replaced the prosecutor who had negotiated the plea, recommended the maximum sentence. Such is not the situation in the ease sub judice. Here the prosecutor made no recommendation or comment regarding sentence and we do not consider that Officer Hicks’ statement should be considered a recommendation of the State. The State was, of course, represented in the proceedings by the state attorney’s office and the assistant state attorney who handled the case was the spokesman for the State.
Affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.