472 So.2d 1383 (1985)
Frederick James FORTINI, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2002.
District Court of Appeal of Florida, Fourth District.
July 31, 1985.
*1384 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appealed is a conviction and sentence entered pursuant to a plea bargain. At issue is whether the state violated the plea bargain. Appellant's motion to withdraw plea grounded upon such violation was denied. We reverse.
Frederick James Fortini entered a plea of nolo contendere to a charge of use of a motor vehicle to commit a battery. In exchange for the plea, the assistant state attorney agreed that "the state" would recommend a five-year sentence. The plea was conditionally accepted subject to a presentence investigation.
At the sentencing hearing, the trial judge indicated that he had studied the PSI, and he unconditionally accepted the plea of no contest. Defense counsel advised the court that the state had violated the terms of its plea agreement in that the statements of law enforcement officers in the PSI indicated recommendations of the maximum sentence. He and his client understood the agreement with the assistant state attorney to be that everyone connected with the state, and particularly law enforcement, would recommend a five-year sentence, and he stated that had they known any other recommendation would be made, they would have taken the case to trial. He asked to withdraw the plea "on the basis that the State has not lived up to its agreement... ."
The trial judge then stated that he would probably sentence appellant in excess of five years, notwithstanding the state's recommendation of a five-year sentence. The state's position was that the agreement was for a recommendation by the state's attorney's office only, and that it did not include law enforcement.
The court then asked whether law enforcement's recommendation could be conformed to that of the state attorney's office. Deputy Strenth, who was the victim of the alleged battery, indicated that he stood by his recommendation of the maximum sentence. Another officer, Lieutenant Fisher, had also recommended a maximum sentence in the PSI. The court indicated that it placed "great weight on the recommendations that are received."
Appellant's counsel then asked what effect a withdrawal of the officers' recommendations would have, and the court replied, "I will rethink the sentence and redetermine how to sentence Mr. Fortini. So, yes it will have an effect because I will have to consider that in relation to the charge and what the factual data seems to show."
At that point, Deputy Strenth was put on the stand and testified that based on appellant's past record he should receive a minimum sentence of nine years, but "to alleviate any problems" he would go along with the state's recommendation of five years. Lieutenant Fisher also testified that he would change his recommendation to five years.
After the officers' testimony, the trial judge advised that he did not see any grounds to withdraw the plea. Defense counsel nevertheless repeated his motion to withdraw because:
The recommendations have been made and although they are changed, I think the recommendations have already done what they needed to do whether they change them to put the guy on probation or not. Their recommendation stated their frame of mind and I believe that has already influenced Mr. Fortini's sentence. So, we are going to ask the Court to allow us to withdraw the plea and set this for trial based on the fact that the plea agreement Mr. Fortini entered into was not abided by as we understood it to be abided by.
The motion to withdraw was denied and appellant was sentenced to seven years in prison.
*1385 Although the trial court has discretion in determining whether to grant a defendant's motion to withdraw a plea, this discretion is limited. Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983); Adler v. State, 382 So.2d 1298 (Fla. 3d DCA 1980). Since the law favors a trial on the merits, "[a] motion to withdraw a plea of guilty prior to imposition of sentence should be liberally construed in favor of the defendant" and "[t]he withdrawal of a guilty plea will not be refused where it is the least evident that the ends of justice will be subserved by allowing a plea of not guilty to be entered in its place." Adler, 382 So.2d at 1300 (citations omitted). See also Facion v. State, 258 So.2d 28 (Fla. 2d DCA 1972). The defendant must, however, establish "good cause for withdrawal of a guilty plea prior to imposition of sentence... ." 382 So.2d at 1300 (citation omitted). See Fla.R.Crim.P. 3.170(f).
In Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), the Supreme Court noted that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." If the state breaches its agreement to make a certain recommendation as to sentencing, or to refrain from making any recommendation, error has consistently been found where the defendant was not given an opportunity to withdraw his plea. See Lollar v. State, 443 So.2d 1079 (Fla. 2d DCA 1984) (state breached agreement to allow defendant to earn recommendation for leniency by providing substantial assistance).
The instant case, however, differs from the above-cited cases in two material respects:
(1) police officers, rather than the prosecutor, breached the agreement by recommending maximum sentences, and
(2) the officers later stated that they would withdraw their prior recommendations in order to conform to the state's agreement.
As to the first point, the state attorney argued below that his agreement with the defense did not include a recommendation by law enforcement. This argument was, however, abandoned on appeal; therefore, this court will consider the agreement to be as asserted by defense counsel  that a breach, if any, by the police officers would constitute a violation of the state's plea bargaining agreement.
It is recognized that in Adler v. State, 382 So.2d at 1298, the third district held that where the state agreed to make no recommendation as to sentencing, the absence of a direct recommendation was sufficient to fulfill the agreement, and the fact that the state's recommendation to Parole and Probation for the maximum sentence reached the court in an indirect manner by way of the presentence investigation did not constitute a breach of the agreement. We find Adler to be distinguishable from the instant case; first, because there was no evidence in Adler that the parties agreed that everyone connected with the state would make the same recommendation and, second, because in the instant case the recommendation appearing in the PSI was also made in open court when Deputy Strenth testified. Also, we respectfully disagree with the third district's holding in Adler. The crucial factor is that a recommendation contrary to the state's agreement came to the sentencing court's attention; it should not matter that it came in by the "back door" in the PSI as opposed to being stated directly in open court.
As to the second point, although the police officers technically brought their recommendations into compliance with the state's, the court was made fully aware of their true recommendations. In the case of Deputy Strenth in particular, it is apparent from his testimony that he still in fact recommended the maximum sentence, and that he went along with the state's recommendation very reluctantly and only, as he put it, "to alleviate problems." Thus, it is our opinion that although the state may have in words brought itself into compliance with its prior agreement, it was obvious that it did not comply with the spirit of *1386 the agreement and that the defendant was therefore denied the benefit of his bargain, i.e., the persuasive effect of the state's recommendation. As was recognized in Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978):
[W]hen the bargain is perceived as for a prosecutor's recommendation only, the accused's only legitimate expectation from the bargain is that the prosecutor's recommendation will in some measure be persuasive. .. . The prosecutor's manner of presenting the recommendation may speak to the sentencing judge more eloquently than his words.
Id. at 1065.
We conclude that the grudging compliance by law enforcement with the state's recommendation and the initial presentation of a contrary recommendation deprived appellant of the benefit of his bargain. He thus showed good cause for the withdrawal of his plea, and his motion should have been granted. It should further be noted that this is not a situation where, as in State v. Adams, 342 So.2d 818 (Fla. 1977), and Costello v. State, 260 So.2d 198 (Fla. 1972), the defendant moved to withdraw his plea because he received a stiffer sentence than contemplated. Appellant in the instant case made his motion to withdraw prior to any indication of what sentence he would receive.
We therefore reverse and remand with instructions to grant the motion and permit appellant to change his plea.
REVERSED AND REMANDED.
LETTS and BARKETT, JJ., concur.