501 So.2d 591 (1987)
Joe Edward LEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 68306.
Supreme Court of Florida.
January 29, 1987.
Terry N. Silverman of Silverman & Silverman, P.A., Gainesville, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
Thomas W. Kurrus, Larry G. Turner and Robert S. Griscti of Law Offices of Turner, Kurrus & Griscti, P.A., Gainesville, for Florida Criminal Defense Attorneys Association, amicus curiae.
EHRLICH, Justice.
We have for review Lee v. State, 490 So.2d 80 (Fla. 1st DCA 1986) which the First District Court has certified as being in direct conflict with the Fourth District Court's decision in Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985), review denied, 484 So.2d 10 (Fla. 1986), on the question of whether:
WHEN A LAW ENFORCEMENT OFFICER MAKES AN INDEPENDENT RECOMMENDATION TO THE TRIAL COURT THAT RUNS COUNTER TO THE RECOMMENDATION IN A PLEA AGREEMENT ENTERED INTO BY THE STATE ATTORNEY'S OFFICE FOR THE "STATE," MUST THE TRIAL COURT PERMIT A WITHDRAWAL OF THE PLEA?
490 So.2d at 83. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
On November 19, 1984, Lee was charged in four counts with possession and sale of cocaine on January 19 and 20, 1984. On January 20, 1985, Lee filed a Motion to Dismiss for improper governmental conduct alleging that the Florida Department of Law Enforcement entered into a fee agreement with a confidential informant which was contingent upon his purchase of cocaine from Lee. After a hearing on the matter this motion was denied.
On February 20, 1985, Lee entered a negotiated plea of nolo contendere to Count I of the information charging possession of cocaine. The plea agreement provided that:
(1) The defendant reserves his right to appeal the denial of defendant's motion *592 to dismiss for improper governmental conduct.
(2) The State will recommend probation.
(3) The State will remain silent as to the withholding of adjudication of guilt.
(4) The state will enter a nolo prosequi to Counts II, III and IV of the information.
On March 13, 1985, Lee moved to withdraw his plea on the ground that the state had breached the terms of the plea agreement because FDLE Agent Collins' recommendation of incarceration was contained in the pre-sentence investigation report submitted to the Court. Defense counsel claimed surprise by this recommendation because in a deposition taken only two months prior to entering the negotiated plea, Agent Collins represented during a deposition that Lee was not considered a major drug dealer.
The trial court denied Lee's motion to withdraw the plea and on April 1, 1985, Lee was adjudicated guilty of possession of a controlled substance and was placed on three years probation, and ordered to serve sixty days in a Department of Corrections Institution. On appeal, the district court affirmed the trial court's denial of both the motion to dismiss[1] and the motion to withdraw Lee's plea.
Although a trial court has broad discretion in determining whether to grant a motion to withdraw a plea, if it is established prior to sentencing that the state has breached its agreement to make a certain recommendation concerning sentencing or to refrain from making such a recommendation, it is clearly error for a trial court to refuse to permit withdrawal of the plea. See Fortini v. State, 472 So.2d 1383; Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978). Criminal Rule of Procedure 3.170(f) provides in pertinent part:
The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn.
(emphasis added). The state's failure to adhere to the terms of a plea agreement even when the noncompliance is purely inadvertent constitutes good cause for withdrawal of a plea under this provision. See Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). As noted by the United States Supreme Court in Santobello, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. It has been held that when a sentencing court has received and approved a plea of guilty entered upon a bargain for a prosecutor's recommendation of a certain sentence, any utterance contrary to that recommendation by representatives of the state attorney's office constitutes a breach of that agreement, and mandates withdrawal of the plea upon defendant's request. Wood v. State, 357 So.2d 1060.
The narrow issue presented in this case is whether a promise contained in a plea agreement that the "state" will recommend a given sentence binds only the state attorney's office or whether it also precludes other state agents, such as state law enforcement officers, from making sentencing recommendations contrary to the terms of the agreements. Relying on its decision in Wood v. State, 346 So.2d 143 (Fla. 1st DCA 1977), the district court below held that only the state attorney is bound by such agreements. In Wood, 346 So.2d 143, the defendant had entered a plea of nolo contendere to a charge of possession of marijuana in return for the state's agreement to remain mute at sentencing. As in this case, a narcotic's task force officer's recommendation that Wood be incarcerated appeared in the pre-sentence investigation report. The court rejected Wood's argument *593 that the recommendation by the officer violated the terms of the state's agreement. The court reasoned: "Here the prosecutor made no recommendation or comment regarding sentencing and we do not consider [the officer's] statement should be considered a recommendation of the State." Id. at 144.
As noted by the district court below, its decisions in this case and in Wood appear to be in conflict with the Fourth District Court's decision in Fortini. In Fortini, under circumstances which are quite similar to those presented in this case, the Fourth District reversed the trial court's denial of Fortini's presentence motion to withdraw his plea. Fortini had entered a plea of nolo contendere to the charges against him in exchange for the assistant state attorney's agreement that the "state" would recommend a five year sentence. Fortini moved to withdraw his plea contending that a law enforcement officer's recommendation of the maximum sentence contained in the PSI violated the plea agreement. The Fortini court considered the agreement to include state law enforcement, noting that the state's argument that the agreement concerning a recommendation by the state did not include a recommendation by law enforcement was abandoned on appeal. 472 So.2d at 1385.
In his dissent in the case sub judice Judge Ervin takes the position that "a breach [of the plea agreement] occurs if any representative of the government fails to honor a plea bargain agreement entered into between the state and the defense, particularly if it influences a consequence not contemplated by the agreement." 490 So.2d at 84, (Ervin, J., concurring in part and dissenting in part). Under Florida Rule of Criminal Procedure 3.171, the prosecuting attorney represents the state in all plea negotiations. We agree with Judge Ervin, that once a plea bargain based on a prosecutor's promise that the state will recommend a certain sentence is struck, basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state's recommendation. We also agree with the Fortini court that it matters not whether the recommendation contrary to the agreement is made in open court or whether, as here, it is contained in a PSI report. "The crucial factor is that a recommendation contrary to the state's agreement came to the sentencing court's attention." 472 So.2d at 1385. Regardless of how a recommendation counter to that bargained for is communicated to the trial court, once the court is apprised of this inconsistent position, the persuasive effect of the bargained for recommendation is lost.
In conclusion, we find that Lee has demonstrated good cause for the withdrawal of his plea as required under Rule 3.170(f). The trial court, therefore, erred in refusing to allow Lee to withdraw his plea. Accordingly, the decision of the district court affirming that denial is quashed[2] and the cause is remanded for further proceedings in accordance with this decision.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, SHAW and BARKETT, JJ., concur.
NOTES
[1] Lee and The Florida Criminal Defense Attorney's Association as amicus curiae urge this Court to review Lee's due process claim based on alleged improper police conduct in light of our recent decision in State v. Glosson, 462 So.2d 1082 (Fla. 1985). Although we have jurisdiction to consider issues ancillary to those directly before this Court in a certified case, we decline to entertain Lee's Glosson claim, as we have determined the claim would not affect the outcome of the petition. See Trushin v. State, 425 So.2d 1126, 1130 (Fla. 1983).
[2] We also disapprove the First District's decision in Wood v. State, 346 So.2d 143, to the extent it is inconsistent with this decision.