593 So.2d 219 (1992)
Milton THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76825.
Supreme Court of Florida.
February 6, 1992.
Richard L. Jorandby, Public Defender and Susan D. Cline, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Senior Asst. Atty. Gen. and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Thomas v. State, 566 So.2d 613 (Fla. 4th DCA 1990), based on asserted direct and express conflict with Lee v. State, 501 So.2d 591 (Fla. 1987).[1] The issue presented is whether the State has complied with its obligation under a plea agreement where the prosecutor recommended the plea in a manner indicating his lack of support for the agreement or where the presentence investigation (PSI) report contained a sentencing recommendation that exceeded the sentence agreed to by the prosecutor. Thomas contends that the State has not complied with the plea bargain in either case and that he therefore has the right to withdraw his nolo contendere plea. We agree that Thomas should have been permitted to withdraw his plea on either basis, and we quash the decision below.
*220 In accordance with a written plea agreement between Thomas and the prosecutor, Thomas was to plead nolo contendere to battery on a law enforcement officer and the State was to recommend a four-month jail sentence with credit for time served, accompanied by probation and restitution. After the court advised Thomas that it was not obligated to adopt the sentencing recommendation, the court accepted the plea and ordered a PSI report before sentencing.
The probation officer who prepared the PSI report recommended that Thomas be sentenced to three years' imprisonment. When that recommendation was revealed, Thomas moved to withdraw his plea in reliance on this Court's decision in Lee. The State objected, contending that it had complied with the terms of the plea agreement. At a hearing on the motion, the trial court found that Lee was not controlling and denied Thomas permission to withdraw his plea.
At sentencing, the State announced that it would "stand silent" in light of the probation officer's recommendation of a greater sentence. The court advised the State that if it did so, Thomas would be allowed to withdraw his plea. Consequently, the State reluctantly agreed to recommend a four-month jail term, but said its recommendation should not be construed by the court as a reason to depart below the guidelines. Accordingly, the court sentenced Thomas within the guidelines to three years' imprisonment followed by two years' probation, and the district court affirmed on this issue. 566 So.2d 613.
This case is controlled in part by Lee, which addressed the preliminary issue presented here:
[W]hether a promise contained in a plea agreement that the "state" will recommend a given sentence binds only the state attorney's office or whether it also precludes other state agents, such as state law enforcement officers, from making sentencing recommendations contrary to the terms of the agreements.
Lee, 501 So.2d at 592 (emphasis added).
In Lee, the defendant and the prosecutor entered into a plea agreement on a four-count information whereby Lee agreed to plead nolo contendere to possession of cocaine. In exchange, the State pledged to recommend probation, stand silent as to the withholding of adjudication of guilt, and nolle prosequi the three remaining counts. After the court accepted Lee's plea, the Department of Corrections submitted a PSI report in which an agent of the Florida Department of Law Enforcement recommended a sentence of incarceration. Lee moved to withdraw his plea, but the trial court denied the motion, adjudicated Lee guilty, placed Lee on three years' probation, and ordered him to serve sixty days in jail. The district court affirmed, but this Court reversed, explaining that:
[O]nce a plea bargain based on a prosecutor's promise that the state will recommend a certain sentence is struck, basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state's recommendation.... [I]t matters not whether the recommendation contrary to the agreement is made in open court or whether, as here, it is contained in a PSI report. "The crucial factor is that a recommendation contrary to the state's agreement came to the sentencing court's attention." [Fortini v. State, 472 So.2d 1383, 1385 (Fla. 4th DCA 1985), review denied, 484 So.2d 10 (Fla. 1986)]. Regardless of how a recommendation counter to that bargained for is communicated to the trial court, once the court is apprised of this inconsistent position, the persuasive effect of the bargained for recommendation is lost.

Lee, 501 So.2d at 593 (emphasis added).
Clearly, a probation officer is an agent of the "state," notwithstanding the State's surprising assertion to the contrary. Lee therefore dictates that Thomas should have been allowed to withdraw his plea because a sentencing recommendation higher than the one Thomas originally bargained for was communicated to the court.
Moreover, in this case it can hardly be said that the state attorney adhered to *221 the terms of the plea bargain. First, the state attorney made clear to the court that the prosecution no longer desired to recommend a four-month sentence. Then, the state attorney openly opposed a departure below the guidelines, which would have been necessary to give effect to the bargain.
The State contends that its actions were appropriate because it was unaware of Thomas's prior record as reflected in the PSI report. Even if this constituted grounds to excuse the State's compliance with the terms of the plea,[2] the defendant was nevertheless entitled to withdraw his plea because he was deprived of the benefit of his bargain, i.e., the persuasive effect of the State's original recommendation. Lee, 501 So.2d at 593; Fortini, 472 So.2d at 1386; see Johnson v. State, 547 So.2d 238, 239 (Fla. 1st DCA 1989); Tobey v. State, 458 So.2d 90, 91 (Fla. 2d DCA 1984).
Accordingly, based on our decision in Lee and because the State failed to comply with the terms of the plea agreement, we quash the decision below and remand with instructions to vacate the conviction and sentence and to allow Thomas to withdraw his plea.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] We do not address this question. However, we note that the State controls the plea bargaining process and need not enter a plea agreement until it is satisfied that it has obtained all the pertinent information regarding a defendant's prior record. Furthermore, although a defendant may have a constitutional right not to incriminate himself by supplying the State with information regarding the defendant's own criminal record, his failure to cooperate with the State may adversely affect the defendant's bargaining position.