WARNER, Judge.
We reverse the appellant’s conviction and sentence, holding that when the state fails to abide by its recommendation of sentence, the trial court must allow the withdrawal of a negotiated plea. See Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985). In this case, the appellant and the state entered into a plea agreement whereby the recommended sentence would be three and one-half years. After the completion of the presentence investigation and scoresheet, the appellant scored in a range well in excess of the recommended sentence of three and one-half years, close to forty years. In addressing the court at the sentencing hearing, the state attorney said, “In all fairness, at the time that the offer was made, I didn’t know that the exposure on him, by my calculations, was close to forty years, and I can assure this Court that knowing with that exposure I would not have recommended the three and a half years.” Moreover, the state attorney emphasized that the plea was open to the court and thus the sentence was within the court’s discretion. As a result, the appellant was sentenced to fifteen years in prison on one charge, and five years on several additional charges.
Once a plea is negotiated between the state and a defendant, “basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state’s recommendation.” Thomas v. State, 593 So.2d 219, 220 (Fla.1992) (quoting Lee v. State, 501 So.2d 591, 593 (Fla.1987)). Here, the state attorney made it clear to the court that she would not abide by her original recommendation. It is understandable that once the state attorney discovered the appellant’s extensive record, she would be reluctant to adhere to the negotiated plea. Nevertheless, the state is bound to stand with its recommendation if it wishes to pursue the plea agreement. If it does not under such circumstances, then the defendant must be allowed to withdraw the plea based upon that bargain.
Reversed and remanded with directions to allow the defendant to withdraw his plea.
STONE, J., and BROWN, LUCY, Associate Judges, concur.