687 So.2d 39 (1997)
William F. LYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-340.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
*40 Patrick T. Canan of McLeod & Canan, P.A., St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Chief Judge.
The appellant, William F. Lynn, argues he should be resentenced before a new judge because the state, contrary to Thomas v. State, 593 So.2d 219 (Fla.1992), presented to the trial court inconsistent sentencing recommendations. Lynn pled guilty to one count of battery on a law enforcement officer and one count of battery in exchange for the dismissal of an additional battery charge and a recommendation to the sentencing court that probation only be imposed. Before the original sentencing court imposed the sentence, it learned that the pre-sentence investigation (PSI) report recommended incarceration. The court recused itself and ordered the state to omit from the PSI any comments *41 contrary to its recommendations "so as to meet the case law on it."
A second judge conducted the next sentencing hearing in which a revised PSI was presented. In the revised PSI, the probation officer noted the guidelines called for a 12-20 month sentence but that, "due to Thomas v. State, this probation officer is bound by the plea agreement" and is therefore recommending a sentence of probation. At the second hearing, an opportunity was given to the victim, a deputy sheriff, to testify relative to the battery inflicted upon him. The deputy sheriff testified that Lynn bit his thumb and stated he was HIV positive. When Lynn denied making the statement that he was HIV positive, the state challenged the denial and advised the court that: "There is a notation in the medical records about being HIV positive coming from the defendant." The court responded by asking the state "whether it was changing its recommendation" to which the prosecutor replied: "I am not, Your Honor, but I did want to [give] the officer the opportunity to address the court, because the officer was not pleased with the recommendation the state has made." The court then sentenced Lynn, not to probation as recommended by the state, but to a 20 month prison term. After the sentence was imposed, the defense attorney stated that he felt "duped" because the state entered the plea agreement recommending probation but then a state officer contradicted the recommendation. Lynn later filed a "Motion for Enforcement of Plea Agreement and/or Modification of Sentence and/or Correct Illegal Sentence and/or Withdraw Plea." The motion was denied.
We note initially that Lynn filed his motions for enforcement, modification or withdrawal of sentence after his sentence was pronounced. No objections were made before sentencing. By delaying his objections, he must establish manifest injustice before he is entitled to the relief of withdrawing his plea. Adler v. State, 382 So.2d 1298 (Fla. 3d DCA 1980); Williams v. State, 316 So.2d 267 (Fla.1975).
Lynn cites Thomas v. State, 593 So.2d 219 (Fla.1992) to support his position that he is entitled to the benefit of his bargain or to withdraw his plea. The sentencing court in Thomas accepted the defendant's plea of nolo contendere in which the state agreed to recommend a four month jail sentence. The probation officer who subsequently prepared the PSI recommended three years incarceration instead of the four months agreed upon with the state. Thomas moved to withdraw his plea when he saw the recommendation of a three year prison term. The motion was denied and the state announced that it would stand silent in light of the PSI recommendation. Learning that if it did stand silent, the court would allow withdrawal of the plea, the state reluctantly agreed to recommend the four month incarceration but said its recommendation should not be construed by the court as a reason to depart below the guidelines. The court then sentenced Thomas within the guidelines to three years incarceration followed by 10 years probation. The supreme court allowed the withdrawal of the plea because the prosecutor made it clear that he no longer desired to recommend a four month sentence and because the parole officer, whose recommendation was contrary to that of the prosecutor, was an agent of the state. Lee v. State, 501 So.2d 591 (Fla.1987) ("fairness mandates that no agent of the state [should] make any utterance that would tend to compromise the effectiveness of the state's recommendation").
The sentencing court has the ultimate responsibility for sentencing a defendant. The court is not bound by any agreement between the state and defendant as to the sentence to be imposed although the state's recommendation may have a persuasive effect. See Thomas at 221. If the state enters into an agreement with a defendant, it should do so with the conviction that it is appropriate under the circumstances. We do not believe, however, that once the state enters into a plea agreement, facts should be withheld from the sentencing judge or that victims or other witnesses should be discouraged from informing the court of their feelings on the sentence to be imposed. In order for the court to carry out its duties in sentencing, it should have all data before it that would impact the sentencing decision. Witnesses and victims should not be influenced by the prosecutor to refrain from expressing *42 their feelings to the court. We do not read Thomas as requiring the state or the state's agents to mislead the sentencing court by supplying inaccurate or incomplete information once a plea bargain is reached; surely, it only requires that a defendant be allowed to withdraw a plea if the state, including its agents, cannot carry out its obligations under the agreement when it comes time to present the terms of the agreement to the sentencing court.
Lynn had an opportunity to make a motion to withdraw his plea prior to, or at, the sentencing hearing. The motion to withdraw did not come until after the trial court used the discretion contemplated by the plea agreement and deviated from the state's recommendation. We do not conclude that manifest injustice has been exhibited which would permit Lynn to withdraw his plea after the sentence was imposed.
Finally, Lynn argues that his scoresheet improperly reflects points for slight injury to still another deputy sheriff whom Lynn kicked in the knee during his resistance to arrest. The deputy's deposition reflects that he was kicked hard enough to know that he had been kicked, but nothing indicates that he suffered any discomfort or even slight injury from the contact. Accordingly, the points for slight injury shall not be scored upon remand. We find no merit in Lynn's objection to receiving points for moderate injury for biting the thumb of the other deputy. The deputy testified that he still had scars on his thumb and had to go through periodic testing because Lynn had told him he was HIV positive. Both the deputy and his family had experienced significant psychological and emotional trauma as a result of Lynn's attempt to aggravate the effect of his bite.
We affirm the judgment but vacate the sentence for correction of the scoresheet and resentencing.
AFFIRMED IN PART; SENTENCE VACATED; REMANDED.
HARRIS and ANTOON, JJ., concur.