ON MOTION FOR REHEARING

PER CURIAM.
We grant William Lynn’s motion for rehearing, withdraw our per curiam affirmed opinion dated March 27, 1998, and issue this opinion in its stead.
This is Lynn’s second direct appeal from his judgments and sentences for the crimes *645 of battery on a law enforcement officer and battery. The trial court entered the judgments and sentences upon Lynn’s entry of guilty pleas.
In his first appeal, Lynn argued the trial court should have allowed him to withdraw his guilty pleas because the state failed to comply with the terms of the parties’ plea negotiations, and the trial court erred when it imposed sentencing points for victim injury. See Lynn v. State, 687 So.2d 39 (Fla. 5th DCA 1997). Upon review, we concluded that Lynn failed to show “manifest injustice ... which would permit Lynn to withdraw his plea[s] after the sentence[s] [were] imposed.” Id. at 41. However, we agreed that his sentencing guideline scoresheet had been improperly scored and therefore remanded the case “for correction of the scoresheet and resentencing.” Id. at 42.
After Lynn was resenteneed, he filed the instant appeal contending that the trial court erred in failing to “afford him an opportunity to withdraw his plea, in express opposition to this ... court’s opinion in Lynn v. State, 687 So.2d 39 (Fla. 5th DCA 1997).” Concluding that the instant appeal lacked merit, we summarily affirmed.
Undaunted, Lynn filed a motion for rehearing pursuant to Florida Rule of Appellate Procedure 9.330, arguing that “this court has overlooked and/or misapprehended points of ‘law of the case,’ ” and that Lynn “was entitled to withdraw his plea[s].” This argument is not only disingenuous, but an abuse of our appellate procedure.
AFFIRMED.
COBB, W. SHARP and ANTOON, JJ., concur.