MONACO, J.
The appellant, Wayne Richard Percival, asserts that the trial court erred in denying his motion to withdraw his plea of no contest to the second degree felony of DUI *630 manslaughter[1] based on a purported failure of the State to abide by the plea agreement, and the purported failure of the trial court to conduct an evidentiary hearing on the request of Mr. Percival to withdraw his plea. We conclude that the record contains no basis for the assertion that the plea agreement was violated, and affirm.
An order on a motion to withdraw a plea of guilty or no contest is reviewed by an abuse of discretion standard. See Woods v. State, 879 So.2d 651 (Fla. 5th DCA 2004); Grantham v. State, 665 So.2d 348 (Fla. 1st DCA 1995). On appeal, therefore, the appellant is burdened with the responsibility of showing that the trial court abused its discretion in denying the motion. See Robinson v. State, 761 So.2d 269, 273 (Fla.1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1563, 146 L.Ed.2d 466 (2000). Mr. Percival has failed to demonstrate that the trial judge abused his discretion in denying the motion.
The plea agreement between the State and Mr. Percival was essentially to a bottom of the guidelines incarcerative term, with the defendant reserving the right to seek a downward departure. More precisely, counsel for Mr. Percival advised the trial court that the plea agreement was as follows:
At this time, pursuant to discussions with the State Attorney’s Office, the defendant is going to withdraw his previously entered plea of not guilty and enter a plea of no contest to the charge as charged, DUI manslaughter ... Pursuant to discussions, the State has agreed to the following: A DOC cap at the bottom of the guidelines, to wit, 124.95 months plus statutory first-time DUI penalties; Defense can request downward departure; also, restitution of at least $8,027 — and that was for funeral costs — plus probation, if necessary, to enforce the judgment; the defendant shall remain on bond at liberty pending sentencing. That, I believe is the sum total of the negotiations with the State Attorney’s Office.
The specific terms of this plea agreement were also confirmed in a written agreement that is included in the record, and Mr. Percival agreed during the plea colloquy that no other promises were made to him, other than those contained in the agreement related to the court by his counsel.
During the sentencing hearing in which Mr. Percival sought a downward departure in his sentence, the trial judge, as was his responsibility, inquired into the prior driving record of the appellant to determine whether there were any other alcohol related driving incidents in his past, and instructed the State to provide the court with information concerning some prior incidents in which alcohol appeared to have been involved. When the State did so, Mr. Percival objected, and asserted that the agreement was that the State would not use any prior DUI convictions, because there were no prior DUI convictions. After exploring the basis for the objection in substantial detail, the trial court related that while he understood the position of the defense, in order to consider a departure sentence based on section 921.0026(2)(j), Florida Statutes (2002)— that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse — he needed to be able to determine whether the crime pled to by Mr. Percival was, in fact, an isolated incident.[2] After having received the informa *631 tion that it requested from the State, the trial court sentenced Mr. Percival in accordance with the plea bargain to 124.95 months in prison, together with the other agreed upon punishments. Mr. Percival’s post-sentencing motion in which he sought to reopen his sentencing hearing or to withdraw his plea was denied. This appeal followed.
We conclude that the trial court did exactly what it should have done under the circumstances. See State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003). This court said the following in Lynn v. State, 687 So.2d 39, 40 (Fla. 5th DCA 1997):
We do not believe, however, that once the State enters into a plea agreement, facts should be withheld from the sentencing judge or that victims or other witnesses should be discouraged from informing the court of their feelings on the sentence to be imposed. In order for the court to carry out its duties in sentencing, it should have all data before it that would impact the sentencing decision.
See also State v. Brannum, 876 So.2d 724 (Fla. 5th DCA 2004); State v. Clay, 780 So.2d 269 (Fla. 5th DCA 2001).
The trial court found that the State did not violate the plea agreement. No abuse of discretion has been shown in this regard. The trial court acted with prudence in assuring that the sentence would not be imposed in a vacuum. We find no error.
AFFIRMED.
PLEUS and TORPY, JJ., concur.

. See §§ 316.193(1) and 316.193(3)(c)3, Fla. Stat. (2002).

. The Florida Supreme Court has held that section 921.0026(2)(j) is available to support a *631 downward departure from a sentence for a felony DUI conviction. See State v. VanBebber, 848 So.2d 1046 (Fla.2003).