469 So.2d 771 (1984)
Melvin GLOVER, Appellant,
v.
STATE of Florida, Appellee.
No. BA-94.
District Court of Appeal of Florida, First District.
November 1, 1984.
Rehearing Denied June 12, 1985.
*772 Michael Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Thomas H. Bateman, III, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Glover appeals from the trial court's order denying his motion to withdraw his guilty plea in two grand theft cases by reason of the prosecutor's failure to make a good faith sentencing recommendation to the trial court in accordance with the terms of a plea bargain between the state and defense. We would reverse except for our conclusion that the defendant waived the right to withdraw the plea by failing to request withdrawal prior to sentencing, it being apparent to the defense prior to sentencing that the prosecutor had breached the agreement. We therefore affirm.
The state and defense agreed that if Glover would plead guilty to the two pending grand theft charges, the prosecutor would recommend to the trial judge that the defendant be placed on probation with six months' incarceration and the payment of restitution as conditions of the probation. It was understood that the trial court would not be bound to follow the prosecutor's recommendation. After the guilty plea was entered and accepted, sentencing was deferred until a later date.
At the sentencing hearing, after defense counsel presented argument in mitigation, it became apparent from comments by the two prosecutors who appeared on behalf of the state that the state did not actually regard the recommended sentence as sufficiently punitive. After one of the prosecutors made a rather forceful argument in aggravation, defense counsel commented that it appeared the state was reneging on the plea bargain:
MR. ARIAS: Judge, I think what the state is trying to do is back out of their recommendation and 

*773 MR. HEALEY: I would like to do that, but I think we can't at this point. If we were allowed to, I would do it.
* * * * * *
[THE COURT:] Now, you finish your argument.
MR. ARIAS: That's fine. I take the state's statements to the court, either by Mr. Gregory or Mr. Healey, to be a total disavowal or not following of their recommendation to this court at the time of their plea and I can understand it if they feel that way, but they ought to be able to come up to the court and tell you that.
THE COURT: They have not gone back on their recommendation.
MR. ARIAS: Well, it was stated on the record that the recommendation was too low in this case and for every purpose that it should not be followed. If that is the case, Judge, I think that this case  I think we ought to start from scratch.
THE COURT: Let me hear from Mr. Healey now.
MR. HEALEY: If that's what Mr. Arias would like to do, that's fine. We're not reneging on any recommendation. The court knows what our recommendation was at sentencing. The man has made some comments here that I think need addressing and I addressed them. If Mr. Arias wants to withdraw the plea if he's worried about what the court, the sentence may be, that's his prerogative and, Your Honor, we'll be more than happy to go along with that, whatever the court sees fit.
The other prosecutor (Mr. Gregory), apparently in further rebuttal to defense counsel's previous mitigating remarks, then proceeded to describe certain recent conduct of the defendant in less-than-flattering terms. When he finished:
THE COURT: Be that what it may, the state is recommending and standing on its recommendations or not? The state is standing on its recommendations? This is what the state has recommended, is it not so?
MR. GREGORY: Your Honor, the state did recommend six months in the county jail at the time of the plea. The defendant has made some statements in mitigation. We feel we needed to speak in aggravation.
THE COURT: I understand all that. That is the state's recommendation, isn't it?
(No response from Mr. Gregory.)
THE COURT: This is the recommendation you made, isn't it? That's what you are standing by? I'm not bound by your recommendation, be that what it may. All right. Your silence is taken as an assent. Anything further by you, Mr. Arias?
MR. ARIAS: No, your honor, only that 
THE COURT: Let me talk to your client.
MR. ARIAS: Yes, sir.
THE COURT: You understand I'm not bound by the recommendations? I can put you on probation, if I want to. I can give you a year if I want to. Isn't that your understanding?
DEFENDANT GLOVER: Yes, sir.
THE COURT: Hasn't that been your understanding consistently?
DEFENDANT GLOVER: The whole time.
THE COURT: All right. The state is standing by their recommendation at this time. Do you understand that? Is that correct, Mr. Gregory?
MR. GREGORY: May I have just a moment?
THE COURT: Stay here a moment. I'm asking you a question. I want you to answer it. I'm going to rule what I have to anyhow. Is the state standing by its recommendations?
MR. GREGORY: Your honor, if I may have just a moment, I want to consult with my division chief.
MR. HEALEY: We're standing by it, your honor. I feel that we're bound to.
After the beleaguered trial judge was finally able to determine from the state's representatives that they were "standing tall" by the bargained-for recommendation, the judge heard further mitigation from defense counsel. He then inquired of counsel *774 whether there was any legal cause why sentence should not be imposed to which counsel replied in the negative. In each of the two cases, the court then adjudicated the defendant guilty and imposed a two and one-half year probationary term with a 364-day county jail term as a condition of probation. The two probations were to run concurrently. No effort was made by or on behalf of the defendant to withdraw his pleas of guilty until almost three weeks thereafter when the defendant's attorney filed a motion to vacate the felony adjudications and probation orders. The motion was denied and this appeal ensued.
The agreement between the state and defense, which induced the defendant's pleas of guilty, involved a bargain for the prosecutor's recommendation of a certain sentence. Implicit in any such plea bargain, which involves no obligation by the trial court to follow such recommendation, is that the prosecutor will make a reasonable effort in persuading the sentencing judge of the merit of such recommendation. See Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978); United States v. Brown, 500 F.2d 375 (4th Cir.1974). Where the prosecutor breaches such an agreement with respect to the agreed-upon recommendation, the defendant is entitled to withdraw his plea of guilty. Wood v. State, supra.
In the case at bar, the state's breach of its obligations under the plea agreement is obvious and, upon timely request by the defendant, there can be no question that the trial court would have been obligated to permit the withdrawal of the guilty plea. But where, as here, the defendant has full knowledge of the breach prior to the imposition of sentence such that he could have readily moved for withdrawal of his plea before the sentence, he will not be heard afterwards to complain. Unlike the situation, which sometimes occurs, where the prosecutor's breach of a plea agreement is not discovered until after imposition of sentence, e.g. Wood v. State, supra (prosecutor's remarks contrary to plea agreement contained in a confidential portion of the presentence investigation report subsequently discovered by defense counsel), the defendant in the instant case had every opportunity to move to withdraw his plea prior to sentence.
In Wood, this court was presented with the situation of the defense attorney's acquiescence, during the sentencing hearing, in the prosecutor's apparent "retreat" from the bargained-for recommendation. Without more, Wood would have squarely presented the issue, as in the instant case, of whether the defendant waived the right to complain of the prosecutor's breach by proceeding to sentencing. But that question did not need to be, and was not, decided because of the further breach by the prosecutor in the form of certain aggravating remarks which he had made in a confidential portion of the presentence investigation report, a fact which was unknown to defense counsel until some time after sentencing.[1]
We do not in the least condone the practice of prosecutors' welshing on plea agreements. However, we would be establishing bad precedent in this case if we were to overlook the defendant's implicit waiver of the prosecutor's breach. Were we not to find waiver in circumstances such as these, the defendants would be accorded more than they bargained for. That is to say, once the prosecutor breached the contractual duty to recommend, the defendant (knowing that he had no legal duty to seek pre-sentence withdrawal of his plea on account of the breach) would then be secure in the knowledge that he, via a post-sentence motion to withdraw, would be assured of being able to return to his notguilty plea status in the event that the sentencing court exceeded the recommendation. Thus, a bargain for the prosecutor's recommendation would, unnecessarily *775 and undeservedly, be transformed into a bargain for a certain sentence.[2] Our holding prevents that undesirable result but, at the same time, recognizes the defendant's right, if timely asserted, to withdraw his guilty plea.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Stated the court:

"In these circumstances we need not pause to inquire whether lawyer Dougherty's momentary lapse, in acquiescing in lawyer White's conduct at sentence without consulting her client, would in other circumstances have validated the result." Id. at 1063.
[2] The distinction between a plea bargain for the prosecutor's recommendation of a certain sentence and a plea bargain for a sentence in accordance with the prosecutor's recommendation is dealt with in State v. Adams, 342 So.2d 818 (Fla. 1977). See also Wood, supra at 1064.