WENTWORTH, Judge.
Appellant seeks review of an order denying rehearing of an earlier denial of appellant’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find that the records attached to the order do not conclusively show that appellant is entitled to no relief, and reverse and remand the cause for an evidentiary hearing.
Appellant pled guilty to kidnapping in 1977 and was sentenced to life imprisonment. According to both appellant’s original defense counsel and the state attorney who prosecuted the case, the plea bargain between appellant and the state included an agreement by the state attorney’s office that it would “make no recommendation at this or any future time regarding the term of sentence to be served by the defendant and leave that matter entirely within the discretion of the court and the appropriate correctional officials.” Appellant's established parole release date was set for September 1987.
In January 1987, a parole commission hearing examiner entered a recommendation that appellant be paroled. However, when the Parole and Probation Commission (commission) met in October 1987, the commission decided to suspend appellant’s presumptive release date. After exhausting his administrative remedies, appellant appeared before the commission for a final time in January 1989, and the commission voted at that time to deny appellant parole.
Appellant’s motion for post-conviction relief alleges that the state attorney’s office abrogated its plea agreement with appellant by submitting a letter to the commission just prior to appellant’s presumptive release date in September 1987 which stated that appellant constituted a threat to the citizens of that judicial circuit and which recommended that the commission decide against releasing appellant on parole. . Appellant further alleges that subsequent to this letter the state attorney’s office sent a letter “retracting” its recommendation against appellant’s release and requesting that the commission disregard the former correspondence. According to the report issued by the commission in which appellant’s parole release date was suspended, the commission concluded that “adverse community attitude” to appellant’s release had come to the commission’s attention “in the form of written opposition to release” from the state attorney’s office, among others. Appellant asserts that at the final meeting of the commission in which his parole was denied, one of the commission members orally reiterated that his decision was based in part on the recommendation from the state attorney.
Those portions of the record which are attached to the trial court’s order denying rehearing of appellant’s motion for post-conviction relief include a written memori-alization of the state attorney’s understanding of the original plea agreement, the first letter from the state attorney to the commission which notes the state attorney’s opposition to appellant’s parole release, and the subsequent letter from the same office requesting that the commission disregard the first letter. Also attached is the commission’s final report denying appellant parole. The trial court concluded that the letter of retraction from the state attorney “fairly and firmly adheres to the agreement entered into with the defendant.”
Although the commission cited to several other reasons in ample support of its decision to deny parole, the letter from the *823 state attorney’s office, certain letters from other individuals involved in the prosecution of the case, and letters from certain circuit court judges opposing release are mentioned as one basis for denial. Despite the trial court’s determination that the state attorney’s second letter removed any prejudicial effect which the first letter might have had, it is impossible to conclusively determine from the record on appeal • whether the commission was impermissibly influenced by the state attorney’s first letter or any of the other letters which may have violated the terms of appellant’s plea agreement. Because the records attached to the trial court’s order do not conclusively show that appellant is entitled to no relief, we remand the cause for an evidentiary hearing to determine whether claimant is entitled to post-conviction relief.
The order is reversed and the cause remanded for the purpose of conducting an evidentiary hearing on the allegations contained in appellant’s motion for post-conviction relief.
SHIVERS, C.J., and WIGGINTON, J., concur.