ERVIN, Judge.
Appellant, Jack T. McWilliams, appeals the denial of his motion for post-conviction relief. McWilliams claimed that the state breached its plea agreement based on certain letters sent by the state attorney, law enforcement officers, and circuit court judges to the Florida Parole and Probation Commission (“Commission”) recommending against his imminent parole. We agree that the state breached its agreement, but affirm the denial of relief, because in our judgment McWilliams waived his right to an available remedy by failing to challenge an earlier breach by the state of the same agreement.
McWilliams was arrested on September 26, 1976, for kidnapping a woman four days earlier.[1] He initially pled not guilty, *223 then changed his plea to guilty after negotiating an agreement with the state attorney. At the plea hearing conducted on January 10,1977, State Attorney Ed Austin made the following comments to the court:
Your honor, the state has, in exchange for the plea of Jack Taylor McWilliams, in this case, has agreed to recommend to the court that whatever sentencing the court should see fit to impose would run concurrent with any federal sentence that might be imposed on the defendant as a result of his present status as to federal probation.
In addition, the state has agreed that it would make no recommend[ation] at this or any future time regarding the term of sentence served by the defendant, and leave that matter entirely with the discretion of the court and appropriate correctional officials.
The state, basically, stated it would not speak in aggravation.
The court accepted the plea and ordered a presentenee investigation report (PSI) at the request of assistant public defenders (APD) William White and Glenn Allen.
The assistant state attorney indicated in the PSI that he had no comment or recommendation. However, Detective Parmenter of the Jacksonville Sheriffs Office stated that in light of the victim’s condition and McWilliams’ lack of remorse, he believed McWilliams should receive the death penalty. In addition, Detective Copeland of the Jacksonville Sheriff’s Office also said he believed McWilliams should receive the maximum penalty because of his cruelty to the victim. At the sentencing hearing APD Allen informed the court that he would rely on McWilliams’ statements contained in the PSI. The court sentenced McWilliams to life in prison for kidnapping.
McWilliams’ presumptive parole release date (PPRD) was scheduled for September 21, 1987. On August 19, 1987, the Commission declined to authorize an effective parole release date (EPRD), and confirmed its decision on October 30, 1987, following an extraordinary review. The Commission gave the following reasons for suspending McWilliams’ PPRD: McWilliams committed the kidnapping while on probation for the federal offense of fraud by wire; - his treatment of the victim was “especially heinous, atrocious and cruel;” he carried a revolver while committing the crime; and the Commission had received letters from the circuit court, the state attorney, and “other interested citizens in the community” indicating opposition to McWilliams’ release.
McWilliams exhausted his administrative remedies and on April 11, 1989 filed in circuit court a motion to vacate and set aside his guilty plea, pursuant to Florida Rule of Criminal Procedure 3.850, on the ground that the state had breached the plea agreement by virtue of certain letters written in August 1987 to the Commission by State Attorney Ed Austin, Sheriff James E. McMillan, Clay County Sheriff Jennings Murrhee, FBI Agent Arthur R. Nerhbass, Circuit Judge John E. Santora, Jr., and Circuit Judge R. Hudson Olliff, each of whom opposed the parole of McWil-liams. The only letter included in the record on appeal is that of State Attorney Ed Austin, dated August 28, 1987, in which he said he believed the release of McWilliams on parole would have a very serious adverse impact on the victim and would constitute a threat to the community. On October 29, 1987, the day before the Commission confirmed its decision refusing to establish an EPRD, Austin wrote another letter to the Commission advising that he had been reminded that he had agreed that the State of Florida would not speak in aggravation in the event McWilliams was ever considered for parole. He said he forgot about the representation when he sent his previous letter of August 28, 1987, and asked the Commission to disregard it.
In his 3.850 motion, McWilliams alleged a breach of his plea agreement, in that the state had agreed not to oppose his release on parole. He asserted that the state attorney, law enforcement officers, and circuit court judges were all agents of the state who were bound by the agreement. He also claimed that the state breached its agreement in regard to the concurrent na *224 ture of his sentence.. McWilliams asked the court to set aside his plea.
The trial court summarily denied the motion on April 25, 1989, attaching McWil-liams’ written guilty plea. McWilliams appealed, and this court reversed the denial and remanded the case for an evidentiary hearing, stating that the records which the trial court had attached to the summary denial, including Austin’s letter of retraction and the Commission’s final report denying McWilliams parole, did not conclusively establish that McWilliams was not entitled to relief. McWilliams v. State, 556 So.2d 821, 828 (Fla. 1st DCA 1990) (McWilliams I). Specifically, this court stated:
[I]t is impossible to conclusively determine from the record on appeal whether the commission was impermissibly influenced by the state attorney’s first letter or any of the other letters which may have violated the terms of the appellant’s plea agreement.... [W]e remand the cause for an evidentiary hearing to determine whether claimant is entitled to post-conviction relief.

Id.

On remand, the circuit court conducted hearings in which evidence was taken regarding the parties’ interpretations as to the meaning of the term “the state” in the plea agreement, and whether the Commission was influenced by Austin’s letters when it suspended McWilliams’ PPRD.
The trial court subsequently denied McWilliams' motion for post-conviction relief, concluding that the evidence showed that the letters from law enforcement officers and circuit court judges did not violate the terms of the plea agreement; McWil-liams’ claims were time-barred under rule 3.850; McWilliams waived his right to challenge any breach because he had failed to move to withdraw his plea prior to sentencing; and the letter from the state attorney had no influence on the parole commissioners.
We disagree with the trial court’s . limited interpretation of the term “the state.” We conclude that “the state” includes law enforcement as well as the state attorney’s office; thus, the letters from State Attorney Austin, Sheriff McMillan, and Sheriff Murrhee, wherein all three spoke in aggravation of appellant’s sentence, violated the terms of the plea agreement.
Our interpretation is supported by Lee v. State, 501 So.2d 591 (Fla.1987). In that case, the state entered into a plea agreement to remain silent at sentencing as to the withholding of adjudication of guilt. However, the PSI contained a statement by an FDLE agent recommending that Lee be incarcerated. The supreme court observed that the term “state” bound not only the office of the state attorney, but encompassed other state agents, such as law enforcement officers, and concluded:
[OJnce a plea bargain based on a prosecutor’s promise that the state will recommend a certain sentence is struck, basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state’s recommendation.... [I]t matters not whether the recommendation contrary to the agreement is made in open court or whether, as here, it is contained in a PSI report.
Id. at 593. Accord Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985) (statements in PSI by law enforcement officers recommending maximum sentence, constituted a breach of plea agreement in which state attorney agreed that “the state” would recommend only a five-year sentence), review denied, 484 So.2d 10 (Fla.1986).
Nevertheless, we also conclude that McWilliams waived his right to claim that the plea agreement was breached, because he did not move to withdraw his plea at the time of his initial sentencing, when the court considered the PSI, a copy of which had been furnished to appellant before sentencing, and which contained the two law enforcement officers’ statements recommending an aggravated sentence. This conclusion is supported by Lee and Fortini, wherein the defendants sought to withdraw their pleas at sentencing based upon alleged breaches contained in the PSIs. Although McWilliams asserted that the *225 breach first occurred when Austin forwarded his letter to the Commission ten years after sentencing, we consider the statements in the PSI to have constituted a breach of the agreement. Therefore, we conclude that McWilliams failed to avail himself of the clear opportunity to withdraw his plea at the time of sentencing.
By failing to seek withdrawal of the plea prior to sentencing, McWilliams waived as well his right to raise the challenge at issue in this case. Glover v. State, 469 So.2d 771 (Fla. 1st DCA 1984), is supportive. There the state and the defense agreed that if Glover would plead guilty to charges of grand theft, the prosecutor would recommend that Glover be placed on probation, with six months’ incarceration as a condition of probation. At the sentencing hearing, the prosecutors made comments which revealed that they believed the recommended sentence was too lenient. Defense counsel protested, and the court inquired further of the prosecutors, and finally concluded that the state would stand by its agreement with the defendant. Nevertheless the court then imposed 2½ years probation, with a 364-day term in county jail as a condition of probation. Three weeks later, the defendant filed a motion to vacate the adjudication and probation order. This court agreed that the state had breached its agreement, but concluded that the defendant waived his right to withdraw the plea by waiting three weeks to do so:
In the case at bar, the state’s breach of its obligations under the plea agreement is obvious and, upon timely request by the defendant, there can be no question that the trial court would have been obligated to permit the withdrawal of the guilty plea. But where, as here, the defendant has full knowledge of the breach prior to the imposition of sentence such that he could have readily moved for withdrawal of his plea before the sentence, he will not be heard afterwards to complain.
Id. at 774.
Thus, we likewise conclude that McWil-liams waived his right to a remedy for any breach by the state by failing to timely protest the statements of the law enforcement officers contained in the PSI.[2]
As is apparent from this opinion, we address only the propriety of appellant’s right to withdraw his plea of guilty within the context of a motion to vacate a sentence. Our decision does not address what right, if any, appellant may have to petition for writ of mandamus the Commission’s refusal to authorize an EPRD.
AFFIRMED.
SMITH and BARFIELD, JJ., concur.

. McWilliams and a co-defendant had driven the woman to a wooded area and tied her to a post with her eyes and mouth taped shut. The victim was found suffering from extreme exposure caused by her being bound to the post for 92 hours; her hands and feet were swollen to *223 two or three times their normal size, and she suffered from numerous insect bites.

. We acknowledge that in our prior decision in McWilliams I, this court remanded the case with directions to the trial court to hold an evidentia-ry hearing to determine "whether the commission was impermissibly influenced by the state attorney's first letter or any of the other letters which may have violated the terms of the appellant’s plea agreement.” McWilliams I, 556 So.2d at 823. We do not consider this directive to have established the absolute parameters of the evidentiary hearing below. A review of the file in McWilliams I reveals that the attorney general did not file a brief and the waiver issue was neither raised nor litigated by the parties on appeal. Accordingly, this court was not made aware that this was a possible issue for consideration on remand. The doctrine of law of the case does not apply to matters that were not litigated to finality on a prior appeal. Wells Fargo Armored Servs. Corp. v. Sunshine Sec. & Detective Agency, Inc., 575 So.2d 179, 180 (Fla.1991).