376 So.2d 1213 (1979)
William Matthew PAULK, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2204.
District Court of Appeal of Florida, Third District.
November 20, 1979.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
The defendant William Matthew Paulk appeals a judgment of conviction and sentence entered against him in the Circuit Court for the Eleventh Judicial Circuit of Florida. We reverse the judgment of conviction and remand the cause to the trial court with directions to conform the judgment of conviction to the jury verdict returned in this cause. The defendant was adjudicated guilty of burglary of a structure upon a jury verdict which found him guilty of attempted burglary of a structure. As such, the judgment of conviction does not conform to the jury verdict and must, upon remand, be amended to so conform. Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944); Holloman v. State, 140 Fla. 59, 191 So. 36 (1939).
In all other respects, the judgment of conviction and sentence appealed from is affirmed. In particular, we reject the defendant's contention that the complained of jury instruction [Fla. Stat.Jury Instr. (Crim.) 2.13(i)] given by the trial court in this cause constituted reversible error. In our view, the jury instruction was required under the law because the defendant's extra-judicial statement to the police in evidence was an incriminating statement which all but confessed to the crime for which the defendant was charged. Bunn v. State, 363 So.2d 16 (Fla.3d DCA 1978). Even if the statement could be construed as partially exonerating, it was so marginally exonerating and so largely incriminating, plus the evidence of guilt in this record was so overwhelming, that the technical error, if any, in giving the above jury instruction in no sense contributed to the instant conviction and, *1214 therefore, could not have "injuriously affected the substantial rights of the appellant." § 924.33, Fla. Stat. (1977). We are, accordingly, compelled to affirm.
Affirmed in part; reversed in part.
SCHWARTZ, Judge (concurring specially).
I concur in the conclusion that the lower court's action in granting the charge which is challenged on this appeal, Fla. Stat.Jury Instr. (Crim.) 2.13(i), does not require reversal, but do so only on the ground that, under the circumstances of this case and considering the totality of the instructions to the jury, no harmful error has been demonstrated. Sec. 924.33, Fla. Stat. (1977).