513 So.2d 204 (1987)
David T. CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0690.
District Court of Appeal of Florida, Fourth District.
September 16, 1987.
Rehearing Denied October 21, 1987.
*205 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appealed is a conviction and sentence pursuant to a plea agreement. At issue is whether the state violated the plea bargain. Appellant's motion to withdraw his plea was denied. We reverse.
At a hearing on November 5, 1986, the state and counsel for the defense announced a plea agreement in open court, by which the defendant would plead no contest to the charge of lewd and lascivious assault on a child and the state would recommend a sentence of one year in the county jail followed by a long period of probation, with a special condition of mental health and sex abuse counseling. This was a substantial downward departure from the recommended guideline sentence of from seven to nine years incarceration. It was agreed, however, that in view of the defendant's age of seventeen years, counseling was more appropriate than prison. The state represented that law enforcement and the victim's parents agreed with the proposed disposition. The trial court conditionally accepted the plea and ordered a presentence investigation report.
The presentence investigation report prepared by the Parole and Probation Commission recommended that the defendant be sentenced within the guidelines of from seven to nine years. The defendant moved to withdraw his plea based on the conflict between the plea agreement and the probation officer's recommendation. On February 20, 1987 at the hearing on this motion and the sentencing, the assistant state attorney who had entered into the plea agreement was not present and the state took the position that the defendant should not be permitted to withdraw his plea and at the same time did not reassert the state's prior agreement. The defendant's motion to withdraw his plea was denied and the defendant was sentenced to twelve years with the provision that after seven years of incarceration he would be placed on probation for five years.
The state has violated its plea agreement by the assistant state attorney's failing to fulfill the state's promise to recommend at the sentencing hearing terms consistent with its prior agreement; i.e., one year incarceration with lengthy probation and counseling. Lee v. State, 501 So.2d 591 (Fla. 1987); Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985); and Lollar v. State, 443 So.2d 1079 (Fla. 2d DCA 1984).
The spirit of the state's agreement is violated by the state's remaining silent while the P.S.I. speaks of a recommendation contrary to the state's specific recommendation to which it had previously agreed. As in Fortini, the defendant here *206 has been denied the benefit of his bargain; i.e., the persuasive effect of the state's recommendation. The defendant showed good cause for the withdrawal of his plea, and his motion should have been granted.
We therefore reverse and remand with instructions for the trial court to grant the motion and permit appellant to change his plea.
REVERSED AND REMANDED.
DOWNEY and GUNTHER, JJ., and VITALE, LINDA L., Associate Judge, concur.