DOWNEY, Judge.
Appellant, John Houston, was charged by information with attempted armed robbery with a firearm or other deadly weapon and aggravated battery. He was found guilty on both counts of the lesser included offense of battery, and sentenced to two concurrent sentences of 364 days in jail, followed by one year on probation. He was further ordered to perform 50.3 community service hours pursuant to section 27.3455, Florida Statutes, and to pay a public defender’s fee of $500 and costs of $37.
The sole witness for the state was the victim, a man named John Papa. Appellant’s defense was that Papa was the aggressor. Therefore, appellant sought to show that Papa had been involved in another incident where he had been charged as the aggressor, ostensibly because the alleged victim in that case called the police first. Thus, it was appellant’s contention that, in this instance, Papa called the police first so he would not be charged as the aggressor. During an in limine hearing, the trial court sustained an objection to appellant’s cross-examination of Papa to show the foregoing motive. Nevertheless, during trial the defendant again sought to cross-examine Papa on the subject of the other episode. When the court refused to allow that cross-examination, appellant proffered Papa’s testimony. The record contains the proffer, which essentially is a jumbled-up effort to prove that Papa’s motive in calling the police in this case stemmed from his experience in the other case where he was found at fault because the other party called the police. Unfortunately, the proffer does not support the contention — -in fact, it refutes it. We, therefore, hold that, although appellant was probably entitled to try to show Papa’s motive in support of his defense that Papa was the aggressor, any error in the court’s ruling becomes harmless in view of the inadequacy of the proffer. It simply did not support the purpose for which it was offered. Accordingly, the judgment of conviction must be affirmed.
The sentence is erroneous because appellant was found guilty of two counts of battery for which the maximum sentence is one year in jail. Nevertheless, the trial court sentenced appellant to 364 days in jail and one year probation on each count, to run concurrently. Thus, the sentence exceeds the maximum sentence allowed by law and requires that appellant be resen-tenced. We find no problem with two convictions and sentences in this case because the crime predated the 1988 amendment to section 775.021(4)(a), Florida Statutes (Supp.1988), and thus Carawan v. State, 515 So.2d 161 (Fla.1987), applies.
Furthermore, the sentence is infirm because the court imposed fees and costs against appellant without notice. In addition, the community service sentence is improper as a condition of probation because the 1988 amendment to section 27.-3455, Florida Statutes, deleted the community service alternative for indigent defendants. It also appears that the community service time was imposed in lieu of imposi *945 tion of trust fund costs, which is no longer appropriate.
In view of the foregoing, the judgment of conviction is affirmed, but the sentence is reversed and remanded for resentencing according to law.
LETTS and DELL, JJ., concur.