549 So.2d 1059 (1989)
Charles W. HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1453.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Rehearing Denied October 25, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm the appellant's conviction of second degree murder. He asserts error in the denial of a motion for a judgment of acquittal. The appellant argues that there was only circumstantial evidence from *1060 which to infer how the shooting of his girlfriend occurred, and that the physical evidence was not inconsistent with a reasonable hypothesis of his innocence.
The defendant and the victim had been fighting prior to the shooting. Each side argued that the blood splatter evidence supported their theory of the relative location of the gun and the victim at the time of the shooting. There was evidence that the bullet entered the top of the victim's head, and that her head was approximately two feet off the floor at the time. However, the angle and position of the gun and the position of the victim relative to the ground could not be determined.
The defendant contends that the victim initially pulled out the gun and that it fired in a subsequent struggle. The defendant gave differing explanations, in the course of the investigation, concerning the details of what caused the gun to discharge. He also made several statements indicating a lack of remorse, evidencing feelings of hostility toward the victim, and that he expected to be charged with the shooting. The victim had bruises consistent with having been "pistol whipped", but it was not clear when those injuries were inflicted. No gunshot residue was found on the defendant, while there was residue found on the victim's hand.
We are satisfied that the reasonableness of the defendant's version of the case was a question for the jury. In a conviction based on circumstantial evidence, where reasonable men might differ, and where there is substantial, competent evidence to support the verdict, the issue of whether the evidence fails to exclude all reasonable hypothesis of innocence is for the jury to determine. State v. Law, 14 F.L.W. 387 (Fla. July 27, 1989); Huff v. State, 495 So.2d 145 (Fla. 1986); Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); State v. Williams, 444 So.2d 13 (Fla. 1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); Williams v. State, 437 So.2d 133 (Fla. 1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Lynch v. State, 293 So.2d 44 (Fla. 1974).
In State v. Law, the supreme court reviewed the conditions under which a motion for judgment of acquittal should or should not be granted in a circumstantial case where the defendant asserts a hypothesis of his innocence, concluding:
A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt. See Wilson v. State, 493 So.2d 1019, 1022 (Fla. 1986). Consistent with the standard set forth in Lynch, if the state does not offer evidence which is inconsistent with the defendant's hypothesis, "the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law." 293 So.2d at 45. The state's evidence would be as a matter of law "insufficient to warrant a conviction." Fla.R.Crim.P. 3.380.
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911 [96 S.Ct. 3227, 49 L.Ed.2d 1221] (1976). The state is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985). Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
Id. ___ So.2d at ___.
We recognize that this may still be a difficult issue to resolve in those cases where the defendant asserts a position that *1061 is not clearly contradicted by direct evidence but which a jury might reject as unbelievable by a common sense view of the circumstantial evidence. Compare Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987), with Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984), rev. denied, 467 So.2d 999 (Fla. 1985).
Here, taking the evidence in a light most favorable to the state, there was competent evidence from which the jury could reasonably infer guilt and reject the appellant's explanation of how the shooting occurred. Therefore, the judgment and sentence are affirmed.
HERSEY, C.J., and WARNER, J., concur.