STONE, Judge.
We affirm the appellant’s conviction of tampering with a motor vehicle odometer but reverse the sentence imposed.
The record reflects sufficient evidence to submit the facts, in part circumstantial, to the jury. See, e.g., State v. Law, 14 F.L.W. 387 (Fla. July 28, 1989); Lynch v. State, 293 So.2d 44 (Fla.1974); Hampton v. State, 549 So.2d 1059 (Fla. 4th DCA 1989).
We find no abuse of discretion in denying appellant’s motion for a bill of particulars. The appellant argues that he is entitled to a statement of particulars where the information charges the violation of more than one statute and contains charges reflecting more than one way in which the crime was committed. However, the appellant failed to demonstrate lack of notice, prejudice, surprise or the inability to prepare an adequate defense. E.g., United States v. Mackey, 551 F.2d 967 (5th Cir.1977); Jones v. State, 466 So.2d 293 (Fla. 3d DCA), rev. denied, 478 So.2d 53 (Fla.1985).
Additionally, the trial court erred by ordering the defendant to pay restitution in an amount that included a sum for “punitive” damages and a sum not supported by any evidence of actual damages incurred by the victims. The state also concedes that we must reverse the imposition of community service in lieu of the payment of costs. Houston v. State, 540 So.2d 943 (Fla. 4th DCA 1989).
*152 Therefore, the judgment is affirmed, the sentence imposed is reversed and the cause is remanded for resentencing.
GUNTHER and POLEN, JJ., concur.