POLEN, Judge.
Appellant seeks review of his judgment and sentence of four and one-half years incarceration for possession of cocaine in violation of section 893.03, Florida Statutes (1987). We affirm in part and reverse and remand in part.
Appellant was arrested while cutting down a marijuana plant in his brother’s yard where at least thirty-nine other plants were growing. All of the plants were seized and their gross weight was 3,600 grams. Appellant’s brother testified that it was his house and marijuana and appellant was just visiting. Appellant and his brother were charged and convicted for possession of cannabis over twenty grams.
Appellant concedes that he was in actual possession of the single plant because he necessarily handled it to chop it down. However, he argues because the other plants belonged to his brother, he never had control over them. Since control is an element in proving any kind of possession, he was never in actual, joint or even constructive possession of the other plants. Therefore, the only amount he could be' found guilty of possessing was the one plant. Since the weight of the one plant alone was never proved, appellant contends he can only be convicted of possession of less than twenty grams, a misdemeanor.
Proof of constructive possession consists of three elements: the accused must have dominion and control over the contraband, knowledge that the contraband is within his presence, and knowledge of the illicit nature of the contraband. Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), pet. for rev. denied, 429 So.2d 6 (Fla.1983). The accused’s mere presence or proximity to the marijuana, when he is not in exclusive possession of the place, is insufficient to demonstrate dominion and is not evidence not inconsistent with his claim of innocence. Giddens v. State, 443 So.2d 1087 (Fla. 2d DCA 1984); D.K.W. v. State, 398 So.2d 885 (Fla. 1st DCA 1981); Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980). Because the place where the contraband was found was not in appellant’s exclusive possession, his ability to maintain control over it cannot be inferred but must be established by additional proof. Such proof may consist of circumstantial evidence. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Appellant was found cutting a marijuana plant surrounded by other marijuana plants in plain view. The fact that he was handling known narcotics is inconsistent with any hypothesis of mere presence. Nor was his brother’s statement that the plants were his sufficient to demonstrate conclusively that appellant had no control over the plants. Sufficient evidence was presented for the question of constructive possession of all the plants to go to the jury.
In a conviction based on circumstantial evidence, where reasonable men might differ, and where when viewed in a light most favorable to the state, there is substantial competent evidence to support the verdict, the issue of whether the evidence fails to exclude all reasonable hypothesis of innocence is for the jury to determine. State v. Law, 559 So.2d 187 (Fla.1989); Demurjian v. State, 557 So.2d 642 (Fla. 4th DCA, 1990); Hampton v. State, 549 So.2d 1059 (Fla. 4th DCA 1989). Here, the record reflects sufficient evidence from which the jury could reasonably infer guilt and reject appellant’s version of the events. We affirm the judgment.
*1275 Although appellant was charged with possession of cannabis over twenty grams in violation of sections 893.03(l)(c) and 893.-13(1)(f), Florida Statutes (1987), and found guilty of such, the written judgment reflects the violation was possession of cocaine. Appellant’s guidelines scoresheet reflects he was properly scored for a violation of possession of cannabis so the length of the sentence imposed is valid. We reverse and remand so the judgment can be corrected to reflect the verdict of possession of cannabis. Paulk v. State, 376 So.2d 1213 (Fla. 3d DCA 1979).
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
ANSTEAD and GLICKSTEIN, JJ., concur.