SHIVERS, Judge.
Christopher Ito was charged by information with three drug related offenses. He entered into a plea agreement which did not contemplate time in jail. The trial court withheld adjudication and placed Ito on twelve months probation with several conditions. One of the conditions was that Ito spend 120 days in the county jail.
Defense counsel moved to withdraw the plea, but the motion was denied. The trial court relied on Thomas v. State, 566 So.2d 613 (Fla. 4th DCA 1990), for the proposition that if the prosecutor continues to support a plea agreement despite the trial court’s rejection of it, the defendant received the benefit of his bargain and is not entitled to withdraw the plea. We need not address the trial court’s reasoning because Thomas was quashed by the supreme court in Thomas v. State, 593 So.2d 219 (Fla.1992).
It remains settled that “[although the court is not bound to follow the terms of the plea bargain, it must give appellant the opportunity to withdraw his plea once it decides not to impose a sentence in accordance with the bargain.” Stanley v. State, 501 So.2d 90, 91 (Fla. 1st DCA 1987). In fact, the trial court has an affirmative duty to inform the defendant he may withdraw a rejected plea. Johnson v. State, 547 So.2d 238 (Fla. 1st DCA 1989).
Accordingly, we reverse and remand with instructions to the trial court to either accept the plea agreement or allow withdrawal of the plea.
WIGGINTON and BARFIELD, JJ„ concur.