PER CURIAM.
The Defendant, Alan Dale Owens, seeks review of an order denying his motion for postconviction relief and/or motion to correct illegal sentence filed pursuant to Rule 3.850 and/or Rule 3.800(a), Fla. R.Crim. P. For the reasons stated below, we conclude Defendant is not entitled to relief but we remand for the trial court to correct the judgment.
The Defendant filed a motion to clarify judgment on September 11, 2003, claiming that the judgment and sentence should be corrected because it allegedly states he was adjudged guilty of robbery while carrying a deadly weapon when it should state that he was guilty of robbery with a weapon. We disagree.
The verdict provided by the Defendant in the appendix[1] shows that he was found guilty in count one of robbery while carrying a deadly weapon and guilty in count two of unlawful possession of a firearm while engaged in robbery.[2] The judgment, however, states he was convicted of “robbery, etc.” and failed to include the fact that he was found guilty of robbery with a deadly weapon. When the judgment does not correspond to the verdict, the remedy is to remand so that the judgment can be corrected to reflect the verdict. Moore v. State, 561 So.2d 1273, 1275 (Fla. 4th DCA 1990); Paulk v. State, 376 So.2d 1213 (Fla. 3d DCA 1979).
Defendant is correct that the judgment and sentence on count one should be corrected to conform to the verdict. However, the correction required is not the one sought by Defendant. The judgment should be corrected from “robbery, etc.” to robbery with a deadly weapon.
Remanded with instructions.

. This Court has taken judicial notice of the appendix filed in Owens v. State, No. 3D04-2782.

. The Defendant does not raise any issue with regard to count two. The trial court suspended entry of sentence on count two.