NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CESAR HERRERA, DOC #H31110,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　Case No.  2D18-1933
　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　　)
_____)

Opinion filed May 31, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; Peter F. Estrada, Judge.

Cesar Herrera, pro se.


SILBERMAN, Judge.

　　　　　Cesar Herrera appeals the order denying his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  We affirm the

postconviction court's order but remand to correct a clear scrivener's error as to count

five in Herrera's judgment of June 12, 2009.

　　　　　Herrera was originally charged in count five with aggravated battery with a

firearm discharged.  He asserts in his rule 3.800(a) motion that he entered a no contest

plea on count five to aggravated battery with a deadly weapon and that the firearm was

deleted from count five. The amended information and transcript from the plea and sentencing hearing reflect that the discharge of a firearm was deleted from count five and amended to charge a deadly weapon causing great bodily injury. The trial court acknowledged that the aggravated battery with a deadly weapon did not carry a minimum mandatory, and Herrera was not sentenced to a minimum mandatory on that count. But the judgment clearly contains a scrivener's error in listing the originally charged offense in count five, aggravated battery with a firearm discharge, rather than the reduced offense to which Herrera admittedly entered a no contest plea.

In light of the fact that the 2009 judgment contains a clear scrivener's error that could result in the waste of additional judicial resources if not corrected, we affirm but remand for correction of the judgment. See Parks v. State, 223 So. 3d 380, 383 n.4 (Fla. 2d DCA 2017) (en banc) (reversing for resentencing in an appeal from an order denying relief under rule 3.800(a) and directing that the judgment be corrected on remand to correctly list the degree of the offenses); Mountjoy v. State, 228 So. 3d 726, 726 (Fla. 5th DCA 2017) (affirming an order denying relief under rule 3.800(a) but remanding to correct a scrivener's error in the judgment listing the wrong offense); Owens v. State, 86 So. 3d 1160, 1161 (Fla. 3d DCA 2012) (affirming denial of relief under rule 3.850 and/or 3.800(a) but remanding for correction of judgment to conform to the verdict). Thus, instead of aggravated battery (firearm discharge), the judgment on count five should be corrected to reflect the offense of aggravated battery (deadly weapon, great bodily harm). Herrera need not be present for the correction. See Adams v. State, 775 So. 2d 385, 387 (Fla. 2d DCA 2000).

Affirmed and remanded with directions.

LUCAS and SALARIO, JJ., Concur.