IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BOBBY LEE SAVIORY,

      Appellant,

v.

                                  Case No. 5D22-104
                                  LT Case No. 2013-CF-009878-A-O

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed October 3, 2022

3.800 Appeal from the Circuit Court
for Orange County,
Renee A. Roche, Judge.

Bobby Lee Saviory, Century, pro se.

Ashley Moody, Attorney General, Tallahassee,
and Douglas T. Squire, Assistant Attorney
General, Daytona Beach, for Appellee.

PER CURIAM.

Appellant, Bobby Lee Saviory, appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that his sentence as to count I is illegal because it exceeds the statutory maximum. The postconviction court summarily denied the motion, concluding that

Saviory's written sentence as to count I is not above the statutory maximum. We disagree with the postconviction court's interpretation of the statute and conclude that the written sentence as to count I is above the statutory maximum.

In its response, the State asserts that the reason the written sentence for count I is above the statutory maximum is because the orally pronounced sentences for counts I and II were transposed in the written sentences. As such, the State invites this court to correct the sentences as to both counts. *See State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011) ("Generally, courts have held that a written order must conform to the oral pronouncement . . . because the written sentence is usually just a record of the actual sentence required to be pronounced in open court." (citation omitted)). However, this argument was not raised below, and given the postconviction court's disposition, the sentencing transcript is understandably not part of our record. *See* Fla. R. App. P. 9.141(b)(2)(A).[1] We therefore decline the State's invitation.

In sum, our record does not conclusively show that Saviory is entitled to no relief. *See* Fla. R. App. P. 9.141(b)(2)(D). We therefore reverse the summary denial and remand for further proceedings.

---

[1] While Saviory acknowledges the State's *argument* as to count II, we do not read Saviory's reply brief as clearly "acknowledg[ing]" the *error* as to count II, at least not as it is presented by the State.

REVERSED and REMANDED.

EISNAUGLE and SASSO, JJ., concur.
HARRIS, J., concurs in part and dissents in part, with opinion.

HARRIS, J., concurring in part, dissenting in part.

I agree with the majority that the postconviction court erred in summarily denying Saviory's motion to correct illegal sentence. However, rather than remanding for further proceedings, I believe we should instruct the trial court to address the obvious and uncontested[2] scrivener's error by entering corrected sentences.

As the majority correctly points out, the sentence orally pronounced is the one that controls, and there is no question that Saviory was sentenced by the judge in open court to fifteen years on count one and thirty years on count two. This is not a case where the sentencing judge[3] was either unaware of or disregarded a maximum allowable sentence. To the contrary, the judge was well aware that Saviory could only be sentenced to a maximum of fifteen years on count one and thirty years on count two and

---

[2] The State, in its response to this appeal, has pointed out the scrivener's error that occurred in Saviory's sentencing documents. In his reply, Saviory acknowledges that same error but objects to the court taking action to correct his sentencing paperwork.

[3] The sentencing judge is not the same judge who ruled on the motion to correct illegal sentence.

that is precisely what she ordered. The only error that occurred was a simple scrivener's error transposing the two counts.

This is an extremely easy error to correct and is in fact the type of error that appellate courts routinely correct, even if not specifically raised in the trial court or the appeal. See Herrera v. State, 276 So. 3d 60 (Fla. 2d DCA 2019) (affirming denial of postconviction motion but remanding to correct error in degree of offense, noting that failing to do so could result in waste of additional judicial resources); see also Parks v. State, 223 So. 3d 380, 383 n.4 (Fla. 2d DCA 2017) (en banc) (reversing for resentencing in appeal from order denying relief under rule 3.800(a) and directing that judgment be corrected on remand to correctly list degree of offenses); Mountjoy v. State, 228 So. 3d 726, 726 (Fla. 5th DCA 2017) (affirming order denying relief under rule 3.800(a) but remanding to correct scrivener's error in judgment listing wrong offense); Owens v. State, 86 So. 3d 1160, 1161 (Fla. 3d DCA 2012) (affirming denial of relief under rule 3.850 and/or 3.800(a) but remanding for correction of judgment to conform to verdict).

Rule 9.141(b)(2)(D) authorizes us to remand for appropriate relief rather than simply for further proceedings. In my opinion, the appropriate relief in this case would be to remand this matter to the trial court with instructions to enter a corrected sentence that conforms with the court's oral

pronouncement. I would not allow Saviory to benefit from his disingenuous motion, nor would I require either side to file a new motion simply to get the relief that we can and should afford today. Saviory has wasted enough of the judiciary's limited resources.